UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE RADFORD COMPANY,

    Plaintiff,

v.                                              Case No. 08-C-461

RUAN TRANSPORT CORP.,

    Defendant.

**ORDER**

Plaintiff moved for a protective order and to quash the subpoena served on its counsel, Davis & Kuelthau ("D&K"). In an October 31 order, I denied the motion to quash. Plaintiff has now filed a motion for "reconsideration and clarification" of that order. The motion will be denied in most respects, as set forth below.

To recall, the essence of the Plaintiff's misrepresentation claims is an assertion that it relied on certain representations made by the Defendant about the legal impact of signing the agreement at issue in this case. One of Plaintiff's principal arguments is that the dispute is not really about a misrepresentation of law and that the Court erred in characterizing it as such. Yet there is really no way to describe this claim other than as a claim based on a misrepresentation of law. Paragraph 10 of the complaint states that "Ruan, through its agent Havens, represented that it had experience with this type of transaction and that it knew how to structure an outsourcing agreement which would not result in any withdrawal liability to Radford." (Notice of Removal, Ex. A at 2.) It further asserts that Ruan represented that the relevant agreements would not trigger any withdrawal liability

and that Radford relied on these representations. (*Id.* at 2-3.) These are unquestionably representations of law, i.e., statements about the legal effect of entering into the key transactions at issue here. Whether they are *wholly* representations "of law" is beside the point. The October 31 order merely concluded that because the claims were at least partly based on misrepresentations of law, the legal advice Plaintiff may have received would be relevant to the question of reliance.

That brings us to the Plaintiff's claim that the Court misstated Wisconsin law governing misrepresentations of law. In the October 31 order, I stated that "the general rule is that misrepresentations of law – which is what the complaint alleges – are not actionable." (Dkt. # 21 at 2.) This was an intentionally broad-based statement (merely noting "the general rule") and was followed by a discussion of the various trends and exceptions. The order even highlighted several circumstances in which legal misrepresentations *were* actionable. Plaintiff suggests this court erred in its legal conclusion, but, as both sides now seem to agree, this Court was not rendering a binding legal decision. In the context of this discovery dispute, the issue had not even been presented except inasmuch as the viability of a cause of action for legal misrepresentations pertained to how the legal advice Plaintiff received might be relevant and discoverable. Plaintiff and Defendant agree the issue is moot.[1]

Plaintiff also seeks clarification as to the scope of the documents it must produce. It states that the order is unclear as to whether Plaintiff must produce documents produced after August 19, 2003 (the date of the Transportation Agreement). It is also unclear as to whether it must produce documents relating to the Withdrawal Liability Payment Agreement (in addition to the Transportation Agreement). Yet the October 31 order, of course, was an order denying a motion

---

[1] Both sides also agree another issue does not need further resolution. Plaintiff suggested the Court erred in making a factual finding that Plaintiff had in fact relied on D&K's legal advice about the contract at issue, but the Court did not.

to quash. As such, its intent was not to order production of specific documents during specific timeframes but merely to deny the general grounds asserted by the Plaintiff in seeking an order to quash the subpoena. Because specific documents were not at issue, the order merely noted some general guidelines and a warning that denial of the motion to quash did not mean Defendant was entitled to engage in a fishing expedition. Given the limited purpose of the order, there is nothing to clarify.

But even though "clarification" of the previous order does not seem particularly appropriate (as there is nothing to clarify), the issue has now been briefed. Specifically, Plaintiff asserts that it should not have to turn over any documents produced after August 19, 2003, nor should it have to turn over documents relating to the Withdrawal Liability Payment Agreement ("WLPA"). On the first point, the October 31 order suggested that "presumably, the only records that are relevant are those immediately preceding the Plaintiff's signing of the contract at issue." This observation was meant to allay the fears of the Plaintiff that the amount of documents to be produced would be unduly burdensome. While it seems unlikely that there would be any, if *relevant* post-agreement documents exist that reveal D&K's legal advice about the Transportation Agreement, there is no reason they (or a privilege log describing them) should not be produced.

As for documents pertaining to the Withdrawal Liability Payment Agreement, Plaintiff asserts that legal advice about this agreement was wholly immaterial to its knowledge regarding withdrawal liability. According to the complaint, the WLPA was entered into in August 2006, some three years after the Transportation Agreement was signed and the accompanying (alleged) misrepresentations occurred. At this stage, I do not see how documents pertaining to the WLPA could be relevant to Plaintiff's knowledge at the time the Transportation Agreement was signed, and the Defendant does not explain otherwise. If it is conceivably relevant, the Defendant may move

to compel production. Until then, the Plaintiff need not produce information or a privilege log relating to that agreement.

Finally, Plaintiff wants the ability to withhold certain documents that were exchanged with Central States (the pension fund) and / or Ruan itself. The basis for withholding is not privilege but the fact that (Plaintiff asserts) Ruan already has the documents in question. Plaintiff does not assert that production would be burdensome, and so it is unclear why the Court is being asked to issue a ruling as to their production. Fed. R. Civ. P. 26(b)(2)(c)(i) allows a court to limit discovery when it would be unreasonably cumulative or duplicative, but Plaintiff has not shown why such discovery (which it admits would not be burdensome to produce) would be "unreasonably" cumulative.

In sum, the motion for reconsideration and / or clarification is **DENIED**, except that Plaintiff need not produce the requested documents relating to the WLPA.

**SO ORDERED** this   30th   day of December, 2008.

                                               s/ William C. Griesbach
                                               William C. Griesbach
                                               United States District Judge